UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUDY D. MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV355SNL |
| ) | |
| LIFE INSURANCE CO. OF NORTH ) | |
| AMERICA, ET. AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed this multi-count action in breach of contract, vexatious refusal to pay, and negligence alleging that various insurance company entities have failed to pay her disability benefits in accordance with one or more disability insurance policies. This matter is before the Court on defendant Van Gundy Insurance Co.'s amended motion to dismiss (#25), filed September 14, 2005. Responsive pleadings have now all been filed and the matter is ripe for disposition.

In its motion, defendant Van Gundy notes that in her amended complaint, plaintiff alleges that defendant provided certain information from its principal place of business in Normal, Illinois to plaintiff and to co-defendant Insurance Co. of North America (ICNA) which was allegedly misleading and/or inaccurate. Defendant Van Gundy further avers that the alleged misconduct occurred in the State of Illinois, the legal residence and place of business of defendant. It further avers that there was no direct relationship between defendant and plaintiff, "but rather, Van Gundy was a conduit of information to and from co-defendant Life Insurance Company of North

America." Defendant Van Gundy's amended motion to dismiss (#25), pg. 1-2, ¶3. Defendant then argues that pursuant to the Erie[1] doctrine and Missouri's borrowing statute, §516.190 R.S.Mo., her cause of action against defendant Van Gundy arose in Illinois and Illinois' two (2) - year statute of limitations, 735 ILCS 5/13-214.4 is applicable. Defendant argues that plaintiff has failed to plead any facts that defendant's alleged misconduct occurred after August 28, 1998 (plaintiff's date of disability); thus, her cause of action in Count VIII against defendant is time-barred.

Defendant further argues that plaintiff's cause of action in Count VII against defendant should be dismissed because Illinois law does not provide for a fiduciary duty between an insurance agent and an insured. 735 ILCS 5/2-2201. Since plaintiff's claim in Count VII is for breach of fiduciary duty, her claim must fail.

Plaintiff counters that she is a Missouri resident and that she received a package of the alleged misinformation from defendant Van Gundy in Missouri. She argues that since this is a diversity case, Missouri's choice of law rules apply. She further argues that Missouri applies the "most significant relationship test" and that under this test, Missouri's five (5) year statute of limitations is applicable; thus, her claims are not time-barred. She fails to address the issue of whether Missouri law allows for a breach of fiduciary duty claim by an insured against an insurance agent.

A federal court sitting in diversity jurisdiction must apply the law of the forum state when ruling on an issue involving statutes of limitation. Rademeyer v. Farris, 284 F.3d. 833, 836 (8th Cir. 2002); Nettles v. Am. Tel. & Tel. Co., 55 F.3d. 1358, 1362 (8th Cir. 1995) *citing* Guaranty Trust Co. v. York, 326 U.S. 99, 108-09 (1945). "Missouri, the forum, considers statutes of

---

[1]Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

limitations issues procedural, and, therefore, governed by Missouri law." Nettles, at 1362 *quoting* Renfroe v. Eli Lilly & Co., 686 F.2d. 642, 646 (8th Cir. 1982). However, to determine the appropriate statute of limitations, the court must also consider Missouri's borrowing statute, §516.190 R.S.Mo. Missouri's borrowing statute provides:

> Whenever a cause of action has been fully barred by the laws of the state . . . in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

*See*, Building Erection Services, Inc. v. JLG, Inc., 376 F.3d. 800, 802 (8th Cir. 2004); Nettles, at 1362.

Thus, under §516.190, when a cause of action originates in a state other than Missouri and that other state's applicable statute of limitations bars the action as untimely, Missouri's borrowing statute operates to adopt the foreign state's statute, thereby barring the action in Missouri as well. Nettles, at 1362 *citing* Renfroe, at 646. "The purpose of [the] borrowing statute is primarily to prevent a plaintiff from forum shopping for a statute of limitations. The statute prevents a plaintiff from gaining more time to bring an action merely by suing in a forum other than where the cause of action accrued." Nettles, at 1362 *quoting* Patch v. Playboy Enterprises, Inc., 652 F.2d. 754, 756 (8th Cir. 1981). The court's tasks are to 1) determine when the cause of action originated; and 2) where the cause of action originated.

The term "originated" means "accrued". Building Erection Services, at 802 *citing* Nettles, at 1362 (*citing* Thompson v. Crawford, 833 S.W.2d. 868, 871 (Mo. 1992)). Under Missouri law, a cause of action accrues "when the damage resulting therefrom is sustained and is capable of ascertainment." §516.100 R.S.Mo.; *see also*, Building Erection Services, at 802; Nettles, at 1362. "The damage must be actually sustained and capable of ascertainment before the right to sue arises and the statute of limitations begins to run." Nettles, at 1362 *citing* Business Men's

3

Assurance Co. of America v. Graham, 891 S.W.2d. 438, 445 (Mo.App. 1994). "Damages are sustained and capable of ascertainment when the fact of damage can be discovered or made known." Building Erection Services, at 802-03 *quoting* Rajala v. Donnelly Meiners Jordan Kline, P.C., 193 F.3d. 925, 928 (8th Cir. 1999)(internal quotations and citations omitted). Thus, §516.100 determines not only when a claim accrues but also where it originates for purposes of application of Missouri's borrowing statute. *See*, Nettles, at 1363.

The first issue that must be addressed is when the tort claims against defendant Van Gundy accrued. Using plaintiff's own allegations as contained in her amended complaint, it appears that plaintiff's claims of negligent misrepresentation and breach of fiduciary duty arose as of August - September 1998. She asserts that prior to her notification of denial of the subject benefits under policy LK 6903, and while still pursuing said benefits, she "was provided a package of information from Van Gundy Insurance of Normal, Illinois and told to submit application and payment in order to receive benefits under ICNA Conversion Policy GKC 1 for long term disability benefits." Plaintiff's Amended Complaint, pg. 5, ¶19. She further avers that "[O]n or about September 29, 1998, Plaintiff submitted an application to Defendant ICNA, which Defendant accepted, for coverage under conversion policy number GKC 1, certificate number GKC 604275." Plaintiff's Amended Complaint, pg. 5, ¶20. Plaintiff's negligent misrepresentation and breach of fiduciary claims are that defendant Van Gundy knew or should have known based upon information plaintiff provided that plaintiff suffered from a disability as of August 28, 1998 and that defendant State Farm's termination of plaintiff's agency contract on September 2, 1998 was due to her disability. Plaintiff's Amended Complaint, pg. 9, ¶40. Plaintiff further avers that despite this information, defendant Van Gundy negligently and in breach of its fiduciary duty, provided false and misleading information to ICNA, mislead plaintiff into accepting

4

a conversion policy of disability from ICNA, and failed to make sure that all information provided to ICNA was accurate. Plaintiff's Amended Complaint, pgs. 9-11, ¶¶41, 45, and 46.

Plaintiff fails to set forth any facts which indicate that her claims against defendant Van Gundy accrued after August-September 1998. She provides no other dates in her amended complaint or in her responsive pleading. Therefore, the Court determines that plaintiff's tort claims against defendant Van Gundy arose as of August-September 1998.

Next, the Court must address where the tort claims accrued. Defendant contends that the tort claims accrued in Illinois because 1) defendant has its principal place of business in Normal, Illinois; 2) the information which is alleged to have been misleading and/or inaccurate was prepared in Illinois; and 3) said information was distributed to plaintiff and co-defendant ICNA from defendant's place of business in Illinois. Plaintiff contends that her tort claims accrued in Missouri because 1) plaintiff is a Missouri resident; 2) she received the package of information in Missouri from defendant Van Gundy; and 3) defendant Van Gundy's false and misleading information was directed to plaintiff in Missouri.

After careful consideration of the matter, the Court determines that the plaintiff's tort claims arose in Illinois. Although the plaintiff's facts supporting her claims are vague and scant, it appears that her claims are primarily directed towards acts committed by defendant Van Gundy from its principal place of business in Illinois. She contends that Van Gundy failed to properly process information related to her disability and termination; and furthermore, provided the allegedly misleading and inaccurate information to ICNA. The Court presumes that these acts took place at defendant's place of business in Illinois. The Court recognizes that the effect was on a Missouri resident but the acts complained of took place in Illinois. Plaintiff must have

recognized this since she initially filed her action against defendant Van Gundy in Madison County, Illinois.[2]

Having determined that plaintiff's tort claims accrued in Illinois in August-September 1998, the Court must apply Missouri's borrowing statute and determine whether plaintiff's tort claims against defendant Van Gundy are time-barred under the applicable Illinois statute of limitations. It is undisputed (by plaintiff) that the applicable Illinois statute of limitations is 735 ILCS 5/13-214.4 which provides that an action against an insurance producer "concerning the sale, placement procurement, renewal, cancellation of, or failure to procure any policy shall be brought within two years of the date the cause of action accrues." The Court concurs that 735 ILCS 5/13-214.4 is the applicable Illinois statute of limitations; and, that plaintiff's tort claims are time-barred since they accrued in 1998 and plaintiff did not originally file these claims until 2003.

Furthermore, it is also undisputed (by plaintiff) that Illinois law does not provide for a cause of action for breach of fiduciary duty between an insurance agent and an insured. *See*, 735 ILCS 5/2-2201. Thus, plaintiff's claim for breach of fiduciary duty as contained in Count VII of her amended complaint fails to plead a claim for which relief can be granted.

Finally, the Court notes that even if the Court were to adjudge that plaintiff's tort claims arose in Missouri, her claims would still be time-barred. Both breach of fiduciary duty and negligent misrepresentation (as well as a claim for simple negligence) are governed by Missouri's five (5) year statute of limitations, §516.120(4) R.S.Mo. Since plaintiff's claims arose in August-

---

[2]In several footnotes, defendant states that plaintiff had initially filed this action in the Madison County, Illinois courthouse on October 20, **1993**. The Court presumes that since plaintiff did not become disabled until 1998; that the year **1993** is incorrect and the correct year is **2003.**

September 1998 and she did not file her claims until October 20, 2003, her claims are still time-barred.[3]

Accordingly,

**IT IS HEREBY ORDERED** that defendant Van Gundy's amended motion to dismiss (#25) be and is **GRANTED.** Counts VII and VIII, as contained in plaintiff's amended complaint, are hereby **DISMISSED WITH PREJUDICE** against defendant Van Gundy.

Dated this  28th  day of December, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]In her responsive pleading, plaintiff argues that her claims accrued in Missouri and that Missouri's five-year statute of limitations is applicable; however, she fails to provide any argument why her claims are timely.